IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, a corporation,<br><br>Plaintiff,<br><br>v.<br><br>JUNIORETTE GRIFFIN SMITH, as administratrix of the estate of ROGER DALE SMITH, DECEASED,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION No. CV-07-216<br>)<br>)<br>)<br>)<br>)<br>) |

## RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE

COMES NOW the plaintiff, Zurich American Insurance Company ("Zurich"), and submits this Response to the Court's Order to Show Cause as to why the defendant's Motion to Dismiss should not be granted. The defendant, Juniorette Griffin Smith, has erroneously relied on 28 U.S.C. §1332(c)(1), also known as the federal "direct action" provision, in her Motion to Dismiss for lack of diversity of citizenship. See Motion to Dismiss, ¶ 1. Zurich, an insurer, brought the above action against defendant Smith seeking a declaration that Defendant has no contractual right to recover any policy benefits under the Uninsured Motorist coverage of an auto policy issued by Zurich to Boan Contracting, the employer of defendant's deceased husband. Defendant's assertion that §1332(c)(1) destroys this Court's subject matter jurisdiction, based on the parties' admitted complete diversity of citizenship, is completely without merit. §1332(c)(1) does not affect actions such as this where the insurer is the plaintiff, not the defendant.

I.  **28 U.S.C. §1332(c)(1), the "Direct Action" Provision, is Not Applicable in an Action Brought *by* an Insurer**

The section provides that:

> [A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, except *that in any direct action against the insurer* of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State by which the insured is a citizen, as well as of any State by which the insurer has been incorporated in and of the State where it has its principal place of business.

28 U.S.C. §1332(c)(1) (emphasis added).

The United States Supreme Court and numerous lower federal court decisions have held that this section only applies in an action *against* an insurer, not when, as here, the action is brought *by* an insurer.

In *Northbrook National Insurance Company v. Brewer*, 493 U.S. 6, 7 (1989), the United States Supreme Court held that it "could not be more clear" that the language of §1332(c)(1) unambiguously "applies only to actions *against* insurers; it does not mention actions *by* insurers." *Id.* at 9. Moreover, the Court found that the legislative history[1] of the statute reinforced this interpretation, stating that "[n]owhere...did Congress express any concern about diversity actions filed *by* insurance carriers." *Id.* at 10. Although the plaintiff insurer in *Northbrook* was a workers' compensation insurance carrier,

---

[1] Congress's intent was to "eliminate under the diversity jurisdiction of the U.S. district courts, suits on certain tort claims in which both parties are local residents, but which, under a State 'direct action' statute, may be brought directly *against* a foreign insurance carrier without joining the local tort-feasor as a defendant." *Id.* at 10, (quoting from U.S. Code Cong. & Admin.News 1964, pp. 2778-2779)(emphasis added).

2

*Northbrook's* holding and interpretation of §1332(c)(1) has been adopted by numerous lower federal courts as mandatory with respect to all insurance carriers.[2]

Most importantly, the Supreme Court emphasized that it would be impermissible to expand the reading of §1332(c)(1) beyond what is explicitly expressed in its unambiguous language. *Id.* at 12-13. Congress could "easily have used language to bar suits *by* insurers," but it did not; thus, the section is limited by its terms to actions against insurers. *Id.*

In light of that holding, the United States District Court for the Middle District of Alabama in *Moore v. CAN Foundation*, 472 F.Supp.2d 1327, 1330 (M.D.Ala.2007), recently discussed the direct action provision and stated, "[t]he statute is limited to suits where 'there is a claim held by a third party against an insured…that is identical to the one asserted *against* the insurance company.'" *Supra*, (quoting 15, *Moore's Federal Practice* § 102.58[2] 9 (3d ed.2006))(emphasis added). Although this opinion focused on whether the "direct action" provisions of §1332(c)(1) were applicable in a suit against a worker's compensation insurer for its own direct tort liability, independent of the insured employer's liability, the Court emphasized the straightforward language and plain meaning of the statute. When Congress used the phrase "*against* an insurer," it limited the provision to just that and any broader statutory interpretation would be inconsistent with the statute's unambiguous language.

---

[2] See *General Agents Insurance Company of America, Inc. v. Boynes*, No. CIV. A. 99-1081, 1999 WL 482315, at 1 (E.D.Pa. Jul. 9, 1999), (holding that the defendant's motion to dismiss for lack of subject matter jurisdiction was "frivolous" and without merit because the "Supreme Court has explicitly and unambiguously held that 28 USC §1332(c)(1) does not apply to actions by insurers."); *Pendergast v. Alliance General Insurance Company*, 921 F.Supp. 653, 655 (E.D.Mo., 1996),("[§ 1332(c)(1)] only applies where the insurer is a defendant, not a plaintiff."); *Tokyo Marine and Fire Ins. Co., LTD v. Perez & Ciade Puerto Rico, Inc.*, 893 F.Supp. 132, 137 (D. Puerto Rico, 1995), (holding that *Northbrook's* precedent is "of course, binding authority on this Court."); *Metropolitan Life Ins. Co. v. Cammon*, No. 88 C 5549, 1990 WL 44687, at. 8 (N.D. Ill. April 06, 1990) ("The 'direct action' provision applies only where the insurer is the defendant in the action.").

Further, in a case virtually identical to the action before this Court, where an insurer brought action seeking a declaration that it was not liable to an employee injured in a car accident while not on duty and driving his own vehicle, the United States District Court of Ohio in *Northern Insurance Company of New York v. Olmstead*, 238 F.Supp.2d 923, 926 (N.D.Ohio 2003), held that the direct action provision of § 1332(c)(1) was not applicable because the declaratory judgment was brought *by* the insurer, not *against* the insured. In reference to any previous decisions where a Court had determined that the direct action provision was applicable in such cases, the Court determined that a "contrary result is in direct contravention of *Northbrook, Aetna*[3], and the plain language of § 1332(c)." *Id.*

II. **Because this is a declaratory action brought *by* an insurer, Zurich, not against an insurer, §1332(c)(1) does not apply, and Defendant's Motion to Dismiss is completely without merit.**

The direct action provision does not affect this case because it has been brought *by* an insurer. There is diversity of citizenship because Zurich is deemed a citizen of New York and Illinois, and Defendant is a resident of Alabama. Also, the amount which Defendant alleges is due to her from Zurich under its uninsured motorist coverage policy is $3,000,000.00, far in excess of the amount in controversy requirements for diversity jurisdiction. Thus, Zurich has met all jurisdictional requirements necessary pursuant to 28 U.S.C. §1332, and Defendant's Motion to Dismiss is due to be denied.

---

[3] In *Aetna Casualty & Surety Insurance Company v. Greene*, 606 F.2d 123, 128 (6th cir. 1979), a declaratory judgment action brought by a liability insurer, the Sixth Circuit Court of Appeals held that the explicit language of the statute directs the section to apply only to "…direct action(s) *against* (such) insurer(s)…," and that any supplemental reading of the statute to apply this section in actions brought by insurers would "exceed the court's power of statutory interpretation, and would encroach upon the congressional power to legislate." *Id.* at 127, 128.

4

WHEREFORE, premises considered, Zurich respectfully requests this Honorable Court to deny Defendant's Motion to Dismiss.

/s/ Vernon L. Wells, II
Vernon L. Wells, II

Attorney for Defendant Zurich American Insurance Company

OF COUNSEL
Walston, Wells & Birchall, LLP
1819 5th Avenue North, Suite 1100
Birmingham, Alabama 35203
Telephone: (205) 244-5200
Telecopier: (205) 244-5400

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE has been electronically filed with the Clerk of Court using the ECF system which will send notification of such filing to the following:

Christopher M. Sledge
WOODARD, PATEL & SLEDGE
1213 East Three Notch Street
Andalusia, Alabama 36420

This the 27th day of April, 2007.

/s/ Vernon L. Wells, II
Of Counsel