IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JUNIORETTE GRIFFIN SMITH, )<br>as administratrix of the estate of )<br>Roger Dale Smith )<br>)<br>Defendant. ) | CASE NO.: 2:07CV216-MEF |

## ANSWER

COMES NOW the Defendant, Juniorette Griffin Smith, as Administratrix of the Estate of Roger Dale Smith, by and through her attorney of record, Christopher M. Sledge and denies each and every allegation of Plaintiff's Complaint and demands strict proof thereof.

## COUNTERCLAIM

COMES NOW the Counter-Plaintiff, Juniorette Griffin Smith as Administratrix of the Estate of Roger Dale Smith, by and through her attorney of record, and Counterclaims as follows:

## PARTIES

1. Counter-Plaintiff, Juniorette Griffin Smith is the Administratrix of the Estate of Roger Dale Smith, having been appointed on November 21, 2005. Counter-Plaintiff is an adult resident of Covington County, Alabama and is subject to the jurisdiction of this Court.

2. Counter-Defendant, Zurich American Insurance Company is an Alabama Corporation with principal place of business in Schaumburg, Illinois, and has conducted business and committed torturous acts in Covington County, Alabama. Counter-Defendant may be served with process of

service c/o Registered Agent for Service: The Corporation Company, 2000 Interstate Park Drive, Suite 204, Montgomery, AL 36109.

    3.    Fictitious Counter-Defendants "A," "B" and "C" are those Counter-Defendants whose names are presently unknown to the Counter-Defendant whose acts were a proximate cause of the damages suffered by Counter-Defendant whose true names will be substituted by amendment when ascertained.

## COUNT ONE

## BREACH OF CONTRACT

    4.    On or about September 8, 2005, Counter-Plaintiff, Roger Dale Smith, (hereinafter "Counter-Plaintiff's Decedent") an employee of Boan Contracting Company, while in the line and scope of his employment, was fatally injured in a traffic accident caused by the negligence of Sylvia Hornsby Carter in operating her automobile.

    5.    At all times material hereto, Counter-Plaintiff's Decedent was an employee of Boan Contracting Company.

    6.    At all times material hereto, Counter-Plaintiff's Decedent was in the line and scope of his employment with Boan Contracting Company.

    7.    At all times material hereto, Sylvia Hornsby Carter was covered under a liability insurance policy in the amount of $25,000.00 (TWENTY-FIVE THOUSAND DOLLARS AND NO CENTS) issued by GEICO Insurance Company.

    8.    Sylvia Hornsby Carter was an underinsured motorist because her liability coverage or benefits actually paid to Counter-Plaintiff were less than minimum required liability coverage, limits of underinsured motorist coverage, or Counter-Plaintiff's damages.

    9.    On or about June 1, 2005, Counter-Defendant, Zurich American Insurance Company

issued to Boan Contracting Company business automobile insurance policies providing underinsured motorist coverage with limits in excess of $3,000,000.00 (THREE MILLION DOLLARS AND NO CENTS).

10. On or about June 14, 2006 and November 21, 2006, Counter-Plaintiff submitted to Counter-Defendant a claim and demand for payment of underinsured motorist benefits, in the amount of $3,000,000.00 (THREE MILLION DOLLARS AND NO CENTS), in compliance with the claim procedures and requirements set for in Counter-Defendant's policy.

11. Counter-Defendant refused and continues to refuse to pay Counter-Plaintiff's claim.

WHEREFORE, Counter-Plaintiff demands judgment against Counter-Defendant for such sums as the evidence may show and a jury allow, together with the costs of this action.

## COUNT TWO

## BAD FAITH CLAIM

12. Counter-Plaintiff re-alleges paragraphs 1 through 11 of this Complaint.

13. On or about June 1, 2005, Counter-Defendant, Zurich American Insurance Company issued to Boan Contracting Company business automobile insurance policies providing underinsured motorist coverage with limits in excess of $3,000,000.00 (THREE MILLION DOLLARS AND NO CENTS).

14. On or about June 14, 2006 and November 21, 2006, Counter-Plaintiff submitted to Counter-Defendant a claim and demand for payment of underinsured motorist benefits, in the amount of $3,000,000.00 (THREE MILLION DOLLARS AND NO CENTS), in compliance with the claim procedures and requirements set for in Counter-Defendant's policy.

15. This action is brought for consequential and punitive damages due to Counter-Defendant's bad faith refusal to pay Counter-Plaintiff's valid claim for benefits under a business

automobile insurance policy providing underinsured motorist coverage.

16.     Following submission of the notice of claim and proof of loss, Counter-Plaintiff attempted to negotiate with Counter-Defendant's claims representative and/or agents concerning payment of the claim. These attempts at negotiation extended over an eight month-period. Counter-Defendant's claims representative and/or agents refused to negotiate in good faith and submit settlement offers.

17.     Issuance by Counter-Defendant of the policy of business automobile insurance policy to Boan Contracting Company created a contractual relationship between Counter-Defendant and Counter-Plaintiff. Counter-Defendant therefore was subject to the implied-in-law duty to act fairly and in good faith in order not to deprive Counter-Plaintiff of the benefits of the policy.

18.     Counter-Defendant acted willfully, fraudulently, intentionally, and in bad faith in refusing to consider the nature and extent of Counter-Plaintiff's loss and in rejecting Counter-Plaintiff's proof of loss. This was done knowingly, intentionally, and with the purpose of discouraging, avoiding, or reducing the payment due Counter-Plaintiff under terms of the policy.

19.     Counter-Defendant had no legitimate or arguable reason for refusing to pay Counter-Plaintiff's valid claim. By refusing to consider the nature and extent of Counter-Plaintiff's loss and by rejecting Counter-Plaintiff's proof of loss, Counter-Defendant's intentionally failed to determine whether there was any legitimate or arguable reason for refusing to pay Counter-Plaintiff's claim.

20.     Counter-Defendant Zurich American Insurance Company failed to investigate in a reasonable amount of time to determine whether the claim submitted by Counter-Plaintiff was valid and whether it had legal obligation to make payment.

21.     Counter-Defendant's intentional refusal to pay Counter-Plaintiff's valid claim was a breach of the implied-in-law duty of good faith and fair dealing and operated to unreasonably

deprive Counter-Plaintiff of the benefits of the policy.

22.     Counter-Defendant's conduct in intentionally refusing to pay Counter-Plaintiff's claim was malicious, fraudulent, oppressive, and otherwise reflected a conscious disregard of Counter-Plaintiff's rights.

23.     Counter-Defendant Zurich American Insurance Company intentionally refused to pay a valid claim under said insurance contract and/or failed to determine, or recklessly disregarded the question, whether there was any reasonable basis for refusing to pay the claim submitted.

WHEREFORE, Counter-Plaintiff demands judgment against Counter-Defendant for such sums as the evidence may show and a jury allow, together with the costs of this action.

Respectfully Submitted,

/s/Christopher M. Sledge
Christopher M. Sledge (SLE005)
**WOODARD, PATEL & SLEDGE**
1213 East Three Notch Street
Andalusia, Alabama 36420
(334)222-9115

## JURY DEMAND

Counter-Plaintiff demands trial of all issues by Struck Jury.

/s/Christopher M. Sledge
Christopher M. Sledge