IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, a corporation, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) CIVIL ACTION No. CV-07-216 |
| JUNIORETTE GRIFFIN SMITH, as administratrix of the estate of ROGER DALE SMITH, DECEASED, | ) ) ) ) |
| Defendant. | ) ) |

## ANSWER OF ZURICH AMERICAN INSURANCE COMPANY TO DEFENDANT'S COUNTERCLAIM

COMES NOW the plaintiff, Zurich American Insurance Company ("Zurich"), and, for its response to the Counterclaim of the Defendant in the above-captioned action (the "Counterclaim"), says as follows:

### FIRST DEFENSE

The Defendant's Counterclaim, and every count thereof, fails to state a claim against Zurich upon which relief can be granted.

### SECOND DEFENSE

In response to the specific allegations of the Counterclaim, Zurich says as follows, its responses corresponding to the numbered paragraphs of the Counterclaim:

1. Admitted.

2. Zurich admits that its principal place of business is located in Schaumburg, Illinois and that its registered agent for service of process is The Corporation Company, 2000 Interstate Park Drive, Suite 204, Montgomery, Alabama.

Zurich denies the remaining allegations of this paragraph and demands strict proof thereof.

3. Zurich is without sufficient information either to admit or deny the allegations of this paragraph of the Counterclaim, and therefore denies the same and demands strict proof thereof.

## COUNT ONE

## BREACH OF CONTRACT

4. Zurich admits that Roger Dale Smith was fatally injured in a traffic accident that occurred on or about September 8, 2005, when the vehicle he was operating collided with a vehicle operated by Sylvia Hornsby Carter. Zurich is without sufficient information either to admit or deny the remaining allegations of this paragraph of the Counterclaim, and therefore denies the same and demands strict proof thereof.

5. Zurich is without sufficient information either to admit or deny the allegations of this paragraph of the Counterclaim, and therefore denies the same and demands strict proof thereof.

6. Zurich is without sufficient information either to admit or deny the allegations of this paragraph of the Counterclaim, and therefore denies the same and demands strict proof thereof.

7. Zurich is without sufficient information either to admit or deny the allegations of this paragraph of the Counterclaim, and therefore denies the same and demands strict proof thereof.

8.  Zurich is without sufficient information either to admit or deny the allegations of this paragraph of the Counterclaim, and therefore denies the same and demands strict proof thereof.

9.  Zurich admits that on or about June 1, 2005, it issued a business automobile policy to Boan Contracting Company (the "Policy"). Zurich denies the remaining allegations of this paragraph and demands strict proof thereof.

10. Zurich admits that on or about June 14, 2006, and November 21, 2006, Defendant submitted to Zurich a claim for payment of underinsured motorist benefits. Zurich denies the remaining allegations of this paragraph and demands strict proof thereof.

11. Zurich admits that it denied Defendant's claim made on or about June 14, 2006, and that it has not paid Defendant's claim.

With respect to the unnumbered paragraph following Paragraph 11 of the Counterclaim, Zurich denies that Defendant is entitled to any judgment against Zurich in this action.

## COUNT TWO

## BAD FAITH CLAIM

12. Zurich hereby adopts, restates, and incorporates herein by reference each of its responses set forth above.

13. Zurich admits that on or about June 1, 2005, it issued a business automobile policy to Boan Contracting Company. Zurich denies the remaining allegations of this paragraph and demands strict proof thereof.

14. Zurich admits that on or about June 14, 2006, and November 21, 2006, Defendant submitted to Zurich a claim for payment of underinsured motorist benefits. Zurich denies the remaining allegations of this paragraph and demands strict proof thereof.

15. This paragraph of the Counterclaim requires no response from Zurich. To the extent this paragraph can be read to make any claim or allegation against Zurich, Zurich denies the same and demands strict proof thereof. Zurich specifically denies that it has acted in bad faith or otherwise wrongfully.

16. Zurich denies the allegations of this paragraph of the Counterclaim and demands strict proof thereof.

17. Zurich denies the allegations of this paragraph of the Counterclaim and demands strict proof thereof.

18. Zurich denies the allegations of this paragraph of the Counterclaim and demands strict proof thereof.

19. Zurich denies the allegations of this paragraph of the Counterclaim and demands strict proof thereof.

20. Zurich denies the allegations of this paragraph of the Counterclaim and demands strict proof thereof.

21. Zurich denies the allegations of this paragraph of the Counterclaim and demands strict proof thereof.

22. Zurich denies the allegations of this paragraph of the Counterclaim and demands strict proof thereof.

## TWELFTH DEFENSE

The Defendant's demand for punitive damages is unconstitutional under the Constitution of the State of Alabama which provides in Article I, Section 6, that no person shall be deprived of life, liberty or property except by due process of law, in that the punitive damages claimed are penal in nature, but the burden of proof on the plaintiffs is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

## THIRTEENTH DEFENSE

Any award of punitive damages to the Defendant in this case will violate the constitutional safeguards provided to Zurich, based upon the following grounds:

    a.    There is a lack of reasonable standards necessary to instruct the jury on the propriety and the amount of any punitive damage award;

    b.    The power and authority of the jury under Alabama law to decide the amount of a punitive damage award is so unfettered that there is lacking any reasonable logic or standard, uniformity, criteria, or guidance in the assessment of the amount of the award of punitive damage;

    c.    Alabama procedures, pursuant to which amounts of punitive damages are awarded, are unconstitutionally void for vagueness.

## FOURTEENTH DEFENSE

The Defendant's claim for punitive damages is subject to the limits established by Ala. Code § 6-11-21.

Zurich reserves the right to amend its Answer and Affirmative Defenses as discovery progresses and prior to trial.

/s/ Vernon L. Wells, II
Vernon L. Wells, II
J. David Moore

Attorneys for Plaintiff Zurich American Insurance Company

OF COUNSEL
Walston, Wells & Birchall, LLP
1819 5th Avenue North, Suite 1100
Birmingham, Alabama 35203
Telephone: (205) 244-5200
Telecopier: (205) 244-5400

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Answer in Response to Defendant's Counterclaim has been electronically filed with the Clerk of Court using the ECF system which will send notification of such filing to the following:

**Christopher M. Sledge**
**Woodard, Patel & Sledge**
**1213 East Three Notch Street**
**Andalusia, Alabama 36420**

This the 19th day of June, 2007.

/s/ Vernon L. Wells, II
OF COUNSEL