IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, a corporation, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>) CIVIL ACTION No. CV-07-216<br>JUNIORETTE GRIFFIN SMITH, as )<br>administratrix of the estate of ROGER )<br>DALE SMITH, DECEASED, )<br>)<br>Defendant. )<br>) | |

### REPORT OF PARTIES' PLANNING MEETING

COME NOW the plaintiff, Zurich American Insurance Company, and the defendant, Juniorette Griffin Smith, as administratrix of the estate of Roger Dale Smith, deceased, and submit the following report:

1.  Pursuant to Fed. R. Civ. P. 26(f), a telephonic meeting was held on July 16, 2007, and was attended by:

Vernon L. Wells, II, and J. David Moore for plaintiff

Christopher M. Sledge for defendant.

2.  **Pre-Discovery Disclosures.** The parties will exchange by August 3, 2007, the information required by Fed. R. Civ. P. 26(a)(1) as it pertains to the existence or non-existence of coverage under the insurance policy at issue.

3.  **Discovery Plan.** The parties jointly propose to the Court the following discovery plan:

This case involves a claim for declaratory judgment regarding the existence or non-existence of coverage under a policy of insurance issued by plaintiff. Defendant has

1

filed a counterclaim alleging breach of contract and bad faith. The case arises out of an automobile collision that resulted in the death of defendant's decedent. The parties agree that a determination by the Court that there is no coverage under the policy for defendant's decedent would render unnecessary any discovery pertaining to the counterclaims, including, without limitation, discovery of the facts and circumstances of the collision, the relative fault of the drivers involved, the damages recovered and recoverable by the parties to the collision, and the investigation undertaken by plaintiff. Discovery pertaining to these issues will be extensive and expensive. The parties therefore agree that it would be more efficient for them and for the Court to defer discovery pertaining to these issues until the coverage issue has been resolved.

The parties have submitted a Joint Stipulation of Facts, which they believe establishes the majority of the facts relevant for a determination of the issues raised by plaintiff's claim for declaratory judgment by means of a Motion for Summary Judgment. Plaintiff expects to submit such a motion in accordance with the schedule set forth below. If the Court does not grant plaintiff's Motion for Summary Judgment, thereby necessitating the litigation of the non-coverage issues, the parties will prepare and submit a supplement to this report setting forth their proposed discovery plan for the remaining issues in the case.

Defendant's counsel has indicated that limited discovery will be needed on the following subjects before the motions for summary judgment on the coverage issue can be submitted:

    a.    Whether defendant's decedent was acting within the line and scope of his employment at the time of the collision; and

  b.  The circumstances surrounding defendant's decedent's driving an automobile he owned at that time.

The parties agree that defendant will take discovery pertaining to these limited issues as follows:

Maximum of 3 depositions of defendant's decedent's employer and/or fellow employees.

Each deposition limited to a maximum of 6 hours unless extended by agreement of the parties.

All such depositions to be completed by November 20, 2007.

Plaintiff will provide defendant with a certified copy of the policy at issue in the case by November 20, 2007.

Any dispositive motion pertaining to plaintiff's claim for declaratory judgment shall be filed by plaintiff on or before 45 days after plaintiff's receipt of the last transcript of the depositions to be taken by defendant as set forth above.

Defendant's response, if any, and defendant's cross-motion for summary judgment as to the existence of coverage, if any, shall be filed within 30 days of service of plaintiff's dispositive motion.

Plaintiff's reply and opposition to defendant's cross-motion, if any, shall be filed 15 days after service of defendant's response.

Disclosure or discovery of electronically stored information should be handled as follows: All non-privileged, discoverable, electronically stored information that is responsive to a discovery request or otherwise due to be produced pursuant to Fed. R. Civ. P. 26 shall be produced by the party in possession of such information on compact disc(s) in the same format as the information is kept by that party.

3

**4.     Other Items.**

The parties do not request a conference with the court before entry of the scheduling order.

Settlement of plaintiff's claim for declaratory judgment is unlikely. Settlement of defendant's counterclaims cannot be evaluated prior to a determination of the claim for declaratory judgment.

Date: July 20, 2007

/s/ Vernon L. Wells, II
Vernon L. Wells, II
J. David Moore

Attorneys for Defendant Zurich American Insurance Company

OF COUNSEL
Walston, Wells & Birchall, LLP
1819 5th Avenue North, Suite 1100
Birmingham, Alabama 35203
Telephone: (205) 244-5200
Telecopier: (205) 244-5400

/s/ Christopher M. Sledge
Christopher M. Sledge

Attorney for Defendant Juniorette Griffin Smith, as Administratrix of the Estate of Roger Dale Smith, deceased

OF COUNSEL
Woodard, Patel & Sledge
1213 East Three Notch Street
Andalusia, Alabama 36420

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing REPORT OF PARTIES' PLANNING MEETING has been electronically filed with the Clerk of Court using the ECF system which will send notification of such filing to the following:

    Christopher M. Sledge
    WOODARD, PATEL & SLEDGE
    1213 East Three Notch Street
    Andalusia, Alabama 36420

This the 20th day of July, 2007.

                                                /s/ Vernon L. Wells, II
                                                Of Counsel