IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) CASE NO.: 2:07-cv-216-MEF ) |
| JUNIORETTE GRIFFIN SMITH, as Administratrix of the Estate of Roger Dale Smith, deceased, | ) ) ) ) ) |
| Defendant. | ) |

**DEFENDANT'S RESPONSE IN OPPOSITION
TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW Juniorette (Junie) Griffin Smith, as Administratrix of the Estate of Roger Dale Smith, deceased, and files this response opposing plaintiff's motion for summary judgment. In support of her opposition, defendant Smith relies upon the pleadings filed in this case, the previously filed Joint Stipulation of Facts, the attached Business Auto Policy issued by plaintiff Zurich, together with the exhibits attached to this filing and defendant's Brief in Opposition. In additional support of her opposition, defendant Smith states as follows:

1. There is no substantive dispute about the facts in this case. The issue before the Court is a matter of law concerning the construction of the Zurich Business Auto Policy issued to decedent Roger Smith's employer, Boan Contracting.

2. An automobile crash occurred in Geneva County on September 8, 2005 in which Roger Smith was killed because of the negligence of a third party automobile driver.

3. At the time of this crash, Roger Smith was acting in the line and scope of his

employment with Boan Contracting and was driving a "covered auto" under the Zurich Business Auto Policy.

4. Decedent Smith's vehicle was a "covered auto" pursuant to Item Two of the declarations of the Commercial Auto Insurance Policy, entitled "Schedule of Coverages and Covered Autos."

5. Under Item Two, the Policy provides:

This policy provides only those coverages where a charge is shown in the premium column below. Each of these coverages will apply only to those "autos" shown as covered "autos." "Autos" are shown as covered "autos" for a particular coverage by the entry of one or more of the symbols from the COVERED AUTOS Section of the Business Auto Coverage Form next to the name of the coverage.

6. Underneath this language in Item Two, there are four columns, entitled COVERAGES, COVERED AUTOS, LIMIT THE MOST WE WILL PAY FOR ANY ONE ACCIDENT OR LOSS, and PREMIUM.

7. Under the COVERED AUTOS column, adjacent to LIABILITY in the COVERAGES column, the number "1" appears.

8. The meaning of the number "1" symbol appears on the Business Auto Coverage Form as: "Any 'Auto'".

9. After reviewing these policy forms, it is clear liability coverage was in place for Roger Smith under the Zurich Business Auto Policy and as such, Roger Smith was an insured under the policy.

10. Zurich itself admitted Roger Smith was an insured under its policy on December

21, 2005 when Michael Boone of Zurich stated in the claims file notes:

> i've [sic] prepared a preliminary case summary on ths matter as I am concerned about the courts general interpretation surrounding UM benefits. my concern is that b/c the courts reach so far to find coverage, they may very well conclude that **b/c the vehicle itself was a covered auto under the liability policy** and the UM who is insd clause holds out anyone occupying a covered auto to be an insured, they will just brush off this notion that he's not an insured under the liability portion of the policy and find coverage for the employee. See, attached Bates Stamp "Zurich 0381" (Emphasis added.)

11.     Adjuster Boone, in his note, was no doubt referring to Sullivan v. State Farm Mutual Auto. Ins. Co., 513 So.2d 992 (Ala. 1987) and similar cases where the Courts of Alabama have construed the uninsured motor vehicle coverage statute (Code 1975, § 32-7-23) "to mean that the classification of "insured" under the uninsured motor vehicle coverage must be as broad as under the bodily injury liability coverage. State Farm Automobile Ins. Co. v. Reaves, 292 Ala. 218, 292 So.2d 95 (1974)." 513 So.2d at 994.

12.     If decedent Smith is an insured, then Zurich cannot then limit its uninsured coverage by asserting only "owned autos" can receive UM benefits as such a limitation would be against the public policy of Alabama as the Courts have stated an "insurer will not be allowed to insert provisions in the policy limiting the insured's recovery. Safeco Ins. Co. of America v. Jones, 286 Ala. 606, 243 So.2d 736 (1970); Alabama Farm Bureau Mut Cas. Ins. Co. v. Clem, 49 Ala.App. 457, 273 So.2d 218 (1973)." See, Star Freight, Inc. v. Sheffield, 587 So.2d 946 (Ala. 1991).

13.     Given Zurich's admission and the clear state of Alabama uninsured motorist law, together with the policy provisions within the Zurich Business Auto Policy, Zurich is not entitled to summary judgment as a matter of law on the uninsured motorist contract claim.

14. In addition, given Zurich's knowledge by way of its agent that decedent Roger Smith was an insured and thus eligible to receive UM benefits, Zurich is also not entitled to summary judgment on defendant's bad faith counterclaim.

WHEREFORE, Defendant Juniorette (Junie) Griffin Smith respectfully requests this Honorable Court deny plaintiff Zurich's motion for summary judgment.

Respectfully Submitted,

/s/ Christopher M. Sledge
Christopher M. Sledge (SLE005)

/s/ Allen G. Woodard
Allen G. Woodard (WOO047)
**WOODARD, PATEL & SLEDGE**
1213 East Three Notch Street
Andalusia, AL 36420
334-222-9115

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing has been electronically filed with the Clerk of Court using the ECF system which will send notification of such filing to the following:

Vernon L. Wells, II, Esq.
Walston, Wells & Birchall, LLP
1819 5th Avenue North, Suite 1100
Birmingham, Alabama 35203

DONE this 25th day of March, 2008.

/s/ Allen G. Woodard
Allen G. Woodard (WOO047)

4

Title: reserve
Date Entered: 12-21-2005 11:54:29
Author: Michael Boone
Category: DAMAGES    Distribution Code: None    Confidentiality: No

i've prepared a preliminary case summary on this matter as i am concerned about the courts general interpretation surrounding UM benefits. my concern is that b/c the courts reach so far to find coverage, they may very well conclude that b/c the vehicle itself was a covered auto under the liability policy and the UM who is insd clause holds out anyone occupying a covered auto to be an insured, they will just brush off this notion that he's not an insured under the liability portion of the policy and find coverage for the employee. i've run some JVR and apportioning a 40% chance of verdict against the insured the risk neutral comes in at 850k. i'm forwarding this case summary to sup so we can discuss and post accordingly.

Title: no claim presented to date
Date Entered: 12-13-2005 06:56:22
Author: Michael Boone