IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, a corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) CASE NO.:  2:07-cv-216-MEF |
| JUNIORETTE GRIFFIN SMITH, as administratrix of the estate of ROGER DALE SMITH, DECEASED, | ) ) ) ) |
| Defendant. | ) ) |

**REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON BEHALF OF PLAINTIFF ZURICH AMERICAN INSURANCE COMPANY**

COMES NOW the plaintiff, Zurich American Insurance Company ("Zurich"), and submits this reply in support of its Motion for Summary Judgment.

**INTRODUCTION**

As demonstrated in Zurich's initial brief, the clear and unambiguous terms of the insurance policy at issue (the "Zurich policy") and the undisputed facts of the case make the resolution of this declaratory judgment action straightforward.  It is undisputed that the Defendant's decedent, Roger Smith ("Smith"), was driving his own truck at the time of his fatal accident.  As a result, Smith was not an insured under the Zurich policy for purposes of either liability or uninsured/underinsured motorist ("UM") coverage.

The only argument offered in the Defendant's brief in favor of her claim that Smith was entitled to UM benefits under the Zurich policy is based upon a series of incorrect assertions and a fundamental misunderstanding of the provisions of the insurance policy at issue. There is no dispute regarding the limited number of facts that are actually material to this case.

At the time of his fatal accident, Smith was an employee of Boan Contracting Company ("Boan") and was operating a truck that he, and not Boan, owned. As a result, the Zurich policy, which had been issued to Boan, and not to Smith, expressly **excluded** Smith, along with every other Boan employee driving his or her own vehicle, from its definition of "who is an insured" for purposes of liability coverage. Because Smith was undisputedly not an insured for liability purposes, the Alabama UM statute does not apply to require the policy to provide UM coverage to him. Zurich therefore was free to limit or eliminate any UM coverage provided to Smith by its policy. Zurich could and did draft the UM coverage provision of the policy so that it did not cover Smith, or any other Boan employee, in the circumstances of this accident (*i.e.*, a Boan employee operating his own vehicle). Zurich therefore properly denied the Defendant's claim for UM benefits.

**ARGUMENT**

    **A.**    **Smith Was Not an Insured Under the Zurich Policy's Liability Coverage Section.**

The Defendant's brief erroneously asserts that Smith was an insured for liability purposes under the Zurich policy. Indeed, the Defendant claims that Smith would have been entitled to liability coverage under the Zurich policy against claims arising out of the accident at issue, had he lived and been sued for negligence by the other driver. (*See* Defendant's brief, p. 3). This assertion is completely, and very plainly, wrong. The policy expressly and unambiguously provides precisely the opposite. Smith was **not** an insured for liability purposes with respect to his fatal accident because he undisputedly was an employee of Boan operating a vehicle that he owned. This issue is completely dispositive of the Defendant's claim for UM benefits.

2

The Zurich policy clearly defines "who is an insured" for liability purposes as follows, where "you" refers to Boan:

**1. Who is an Insured**

The following are "insureds":

a. You for any covered "auto."

b. Anyone else while using with your permission a covered "auto" you own, hire or borrow **except**:

   (1) The owner or anyone from whom you hire or borrow a covered "auto." This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.

   (2) **Your "employee" if the covered "auto" is owned by that "employee"** or a member of his or her household.

(Zurich policy, Business Auto Coverage Form, § II, A, 1) (emphasis added). The policy defines "covered auto" for purposes of liability coverage to include "any auto" (Zurich policy, Business Auto Coverage Form, p. 1), but Smith himself clearly does not meet the definition of "an insured" for the accident at issue here. First, while Smith's truck qualifies as "any auto," it was neither owned, borrowed, nor hired by Boan. Smith therefore was not "using with [Boan's] permission a covered 'auto' [Boan] own[s], hire[s], or borrow[s]," as required to meet the liability coverage section's definition of "insured." (*See* Zurich policy, Business Auto Coverage Form, § II, A, 1, b).

In addition, even if Boan had borrowed or hired Smith's personal truck on the day of the accident, which it did not, Smith still would not have been insured under the Zurich policy for liability purposes because he owned the truck he was driving at the time. The policy's definition of "insured" for liability purposes expressly excludes a Boan employee driving a vehicle owned by that employee. (Zurich policy, Business Auto Coverage Form, § II, A, 1, b).

3

It is undisputed that Smith was Boan's employee at the time of the accident. (Jt. Stip. of Facts, ¶ 10). It is undisputed that Smith was the owner of the truck he was driving at the time of the accident. (Jt. Stip. of Facts, ¶ 12). It is, therefore, undisputed that Smith was **not** an insured for purposes of liability coverage under the Zurich policy at the time of the accident.[1]

### B. The Zurich Policy Is Unambiguous.

The Zurich policy's definition of "insured" for purposes of liability coverage is unambiguous. Alabama courts have routinely held that terms used in an insurance policy should be given a rational and practical construction. *Nationwide Ins. Co. v. Rhodes*, 870 So.2d 695, 696-97 (Ala. 2003). In interpreting the language of an insurance policy, the courts must give the words used in the policy "their customary and normal meaning," *Sullivan v. State Farm Mut. Auto. Ins. Co.,* 513 So.2d 992, 994 (Ala.1987), and the court must construe the policy in a manner consistent with the interpretation that an ordinary person would place on the policy's language. *Western World Ins. Co. v. City of Tuscumbia,* 612 So.2d 1159 (Ala.1992). Under this standard, "if the words are reasonably certain in their meaning, **they are not ambiguous as a matter of law**, and the rule of construction in favor of the insured does not apply." *Miller v. Allstate Ins. Cos.*, 896 So.2d 499, 503 (Ala. Civ. App. 2004) (emphasis added); *B.D.B. v. State Farm Mut. Auto. Ins. Co.,* 814 So.2d 877 (Ala.Civ.App.2001).

In the present case, understanding the Zurich policy's definition of "insured" requires nothing more than the ability to understand the following words: "The following are insureds. . . .Anyone else while using with your permission a covered "auto" you own, hire or

---

[1] Unlike Smith, Boan *was* an insured for liability purposes with respect to Smith's fatal accident, because the Zurich policy defines an "insured" for liability purposes to include "[Boan] for any covered 'auto.'" The Defendant's brief is therefore correct in stating that Boan would have had coverage had the other driver in the accident sued Boan for Smith's alleged negligence, but it is completely wrong in claiming that Smith himself would have been covered by the Zurich policy in that scenario. Presumably, Smith would have been covered for liability purposes under his own personal automobile policy in that situation.

borrow except. . . .[y]our employee if the covered auto is owned by that employee." (Zurich policy, Business Auto Coverage Form, § II, A, 1, b).  The Defendant's brief attempts to manufacture an ambiguity by arguing that the policy designates one category of vehicles ("Any auto") as "covered autos" for purposes of liability coverage and another category ("Only those 'autos' [Boan] own[s]") as "covered autos" for UM purposes, but there is no ambiguity created by these purely definitional terms.  They simply define "covered auto" differently for different coverages provided by the policy.  Moreover, and contrary to the Defendant's unsupported assertion in her brief, the policy does not "provide two separate outcomes for whether Roger Smith was an insured at the time of his death." (Defendant's brief, p. 4).  Because Smith was driving his own truck, he clearly was **not** an insured at the time of his death.  There is no other outcome suggested or allowed by the policy's provisions.  Certainly, no ambiguity is created by the Zurich policy's treatment of only certain persons and entities as "insured persons," while other persons are not covered.  That distinction is made by every insurance policy issued by every insurer.  Otherwise, everyone in the world would be insured under any and all policies, regardless of who issued them or to whom they were issued.

  **C.** **The Zurich Policy Properly Limited the UM Coverage Provided to Smith, and Smith Was Not Eligible for UM Coverage for His Accident.**

  Far from being ambiguous, then, the Zurich policy reflects the common-sense approach to the provision of UM coverage mandated by Alabama law.  The Defendant's conclusory contention in her brief that Zurich cannot limit UM coverage in Alabama represents a fundamental misunderstanding of the law.  As demonstrated in Zurich's initial brief, **only persons insured under the liability provisions of an automobile policy are automatically eligible for UM coverage under the Alabama UM statute.**  ALA. CODE § 32-7-23(a) (1975). A person, like Smith in the present case, who is expressly **not** provided liability coverage under

5

the policy in question, is **not** entitled to UM coverage under that policy. The Zurich policy therefore may be drafted to provide Smith with any amount of UM coverage, including none at all. *See Watkins v. United States Fid. & Guar. Co.*, 656 So.2d 337 (Ala. 1994) ("[L]iability coverage is a precondition for the existence of UM coverage"); *McCullough v. Standard Fire Ins. Co. of Am.,* 404 So.2d 637, 639 (Ala. 1981) (affirming summary judgment in favor of insurer and holding that policy in question provided no UM coverage to injured claimant whom policy expressly excluded from liability coverage); *Safeway Ins. Co. of Ala., Inc. v. Hambrick*, 723 So.2d 93, 96-97 (Ala. Civ. App. 1998) (reversing trial court and holding that UM coverage did not exist for driver excluded from definition of "insured" in policy's liability coverage section); *Illinois Nat. Ins. Co. v. Castro*, 887 So.2d 281, 284 (Ala. Civ. App. 2003) (same); *Insurance Co. of N. Am. v. Thomas*, 337 So.2d 365 (Ala. Civ. App. 1976) (finding that UM coverage did not exist where the claimant "is not an insured under the general liability coverage" of the policy in question).

As it was free to do, the Zurich policy provided UM coverage to Smith **only** while he was occupying an auto owned by Boan, but not in any other instances. For purposes of the policy's UM endorsement, an insured is "Anyone 'occupying' a covered 'auto' or a temporary substitute for a covered 'auto.'" (Zurich policy, Alabama Uninsured Motorists Coverage Endorsement, § B, 2). "Only those 'autos' **[Boan] own[s]**" qualify as covered autos for purposes of UM coverage. (Zurich policy, Business Auto Coverage Form, p. 1) (emphasis added). Because he was driving his own truck, and not one owned by Boan, at the time of his accident, therefore, Smith was not an insured for UM purposes.[2] Once again, there is nothing ambiguous

---

[2] There is no evidence of any kind, much less any substantial evidence, that Smith was driving his own truck on the day of the accident as a "temporary replacement vehicle" for any auto owned by Boan, as that term is used in the Zurich policy's UM endorsement.

about this provision. Zurich properly denied the Defendant's claim for UM benefits on behalf of someone who unambiguously was not insured under the policy.

It is important to remember, although the Defendant appears to have forgotten, that the Zurich policy's liability and UM coverages insure persons, not automobiles. The policy obligates Zurich to provide liability and UM protection to "an insured," not to any particular automobile, whether designated as a "covered auto" or not.[3] Thus, the answer to whether Smith was covered by the policy is provided by the policy's definition of "insured," not by its definition of "covered auto." As Zurich has demonstrated in its initial brief, the definition of "insured" in the policy's liability coverage section clearly and unambiguously does **not** include Smith or any other Boan employee driving his or her own vehicle. As a result, the Alabama UM statute does not prevent the policy from limiting or eliminating the UM coverage it provided to Smith. *See Watkins*, 656 So.2d at 340. The definition of "insured" in the policy's UM endorsement likewise clearly and unambiguously does **not** include Smith, as it is free to do.

> **D.  Acceptance of the Defendant's Argument Would Require the Zurich Policy Issued to Boan to Provide UM Protection to Anyone Occupying Any Automobile Anywhere in the World.**

Moreover, the Defendant's argument in her brief that the clear definitions of "insured" under the policy should be ignored would lead to plainly absurd results. The Defendant contends that Smith was entitled to UM coverage because the Zurich policy defined "covered auto" for liability purposes to include "any auto." The Defendant then invites the Court to ignore the policy's unambiguous definition of the persons who are insureds and to hold that **anyone** driving or occupying "**any auto**" is insured for both liability and UM purposes under the

---

[3] The policy's insuring agreement states, regarding liability coverage, that Zurich "will pay all sums **an 'insured'** legally must pay," and, regarding UM coverage, that Zurich "will pay all sums **an 'insured'** is legally entitled to recover." (Zurich policy, Business Auto Coverage Form, § II, A; Alabama Uninsured Motorists Coverage Endorsement, § A, 1) (emphasis added).

7

Zurich policy. If this argument were accepted, everyone in the world involved in an automobile accident would be entitled to both liability and UM coverage under the Zurich policy because they would be occupying "any auto." Such an absurd construction of the Zurich policy obviously would be ludicrous, and the Defendant's request that the Court adopt it merely demonstrates the absence of any authority supporting her claims against Zurich.

> **E.    Zurich Has Not "Admitted" that Smith Was an "Insured ."**

The Defendant's contention that Zurich has "admitted" that Smith was an insured under its policy is patently incorrect. In her brief, the Defendant has attempted to stretch the obvious meaning of two entries in Zurich's claim file beyond recognition in an attempt to salvage her unsupported claim for bad faith. Far from evidencing bad faith, Zurich's file demonstrates its careful consideration of the very argument now advanced by the Defendant and its determination that that argument is not supported by the terms of the policy or the undisputed facts of this case.

The December 21, 2005, note cited by the Defendant merely considers the possibility that a court might rule in favor of the Defendant but reiterates, regarding Smith, that "**he's not an insured under the liability portion of the policy**." (*See* Defendant's brief, p. 4) (emphasis added). This is a far cry indeed from the "admission" into which the Defendant now attempts to stretch it. Likewise, the second, and last, Zurich document cited by the Defendant recognizes the general effect of the Alabama UM statute on "any person who qualifies as an insured under the *liability* policy," but confirms, "In our case, because Smith was driving his own personal auto, we contend that he does not qualify as an insured under the liability coverage and, therefore, cannot assert coverage under the UM portion." (*See* Defendant's brief, p. 5)

(emphasis in original). These statements are entirely consistent with Zurich's Motion for Summary Judgment and, more importantly, with the facts and law applicable to this case.

## CONCLUSION

The Defendant has offered no authorities or arguments that would support the denial of Zurich's motion for summary judgment. It is undisputed that Smith, a Boan employee, was driving his own truck at the time of his accident. He therefore was not an insured for purposes of liability coverage under the Zurich policy. The Defendant may wish the situation were otherwise, but the clear and unambiguous terms of the Zurich policy allow no other conclusion. Because was Smith not an insured for purposes of liability for his accident, the policy was free to limit the UM coverage it provided to him. At the time of the accident, Smith was not in a covered auto as defined by the policy's UM endorsement, and the limiting effect of that definition is valid and applies. Smith therefore was not an insured under the UM endorsement and was not eligible for UM benefits under the Zurich policy. Zurich's Motion for Summary Judgment is therefore due to be granted as to all counts against it in this action.

                                                 Respectfully submitted,

                                                 /s/ Vernon L. Wells, II
                                                 Vernon L. Wells, II (asb-2950-l35v)

                                                 /s/ J. David Moore
                                                 J. David Moore (asb-8552-r70j)

                                                 Attorneys for Plaintiff
                                                 Zurich American Insurance Company

OF COUNSEL:
Walston, Wells & Birchall, LLP
1819 5th Avenue North, Suite 1100
Birmingham, Alabama 35203
Telephone: (205) 244-5200
Telecopier: (205) 244-5400
E-mail: vlw@walstonwells.com
　　　　　jdm@wasltonwells.com

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing Reply Brief with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

**Christopher M. Sledge**
**Woodard, Patel & Sledge**
**1213 East Three Notch Street**
**Andalusia, Alabama 36420**

This the 1st day of April, 2008.

　　　　　　　　　　　　　　　　　　　　　　/s/ J. David Moore_____
　　　　　　　　　　　　　　　　　　　　　　OF COUNSEL